1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICHARD D. WOEK JR., an individual,<br><br>Plaintiff,<br><br>v.<br><br>SWIFT TRANSPORTATION CO. OF ARIZONA, LLC; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR VIOLATION OF FEDERAL LABOR STANDARDS ACT**<br><br>**(JURY TRIAL DEMANDED)** |

Plaintiff Richard D. Woek Jr. ("Plaintiff"), by and through his undersigned counsel, brings this action on behalf of himself and all other persons similarly situated for damages and relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Plaintiff, upon information and belief as to all of the members of the collective class, alleges as follows:

## NATURE OF CLAIMS

1. This is a collective action for minimum wage and hour violations arising out of Defendant Swift Transportation Co. of Arizona, LLC's ("Defendant" or "Swift") failure to pay its driver employees for all hours worked. Plaintiff brings this action against Defendant as a collective action under 29 U.S.C. § 216(b) for violation of the FLSA, 29 U.S.C. § 201, et seq.

## PARTIES

2. Plaintiff Richard D. Woek Jr. ("Woek") is a resident of Washington. He was employed by Defendant as a truck driver up until January 2018. Plaintiff's Consent to Sue is attached to this Complaint as Exhibit 1.

3. Defendant Swift Transportation Co. of Arizona, LLC ("Swift") is a transportation company, that is authorized to conduct and is actually conducting business in the State of Washington, and that designates its main office Arizona. Swift's has annual gross revenues in excess of $500,000.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 28 U.S.C. § 1331, as this claim arises under the laws of the United States; specifically, this action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

5. Venue is proper pursuant to 28 U.S.C. § 1391, because Defendant transacts significant business in the venue, Defendant directed and controlled Plaintiff and the Class from this venue, and Plaintiff has done work for Defendant in the venue.

## FACTUAL ALLEGATIONS

6. Swift specializes in moving goods in trucks throughout the United States.

1. Plaintiff Woek was employed by Swift as a driver from 2012 to January 2018. Plaintiff drove over-the-road ("OTR") for Defendant, and would be gone on trips for days at a time.

7. Plaintiff and the collective class were paid by Swift based on the number of miles driven. As a result, Plaintiff and the Class' compensation was tied to the distance travelled. Plaintiff was not paid for on duty time when not driving. For OTR trips, this resulted in significant uncompensated on-duty time. In many weeks, Plaintiff and other Swift drivers were paid less than the minimum wage for each hour that they worked.

8. Plaintiff and the Class consistently worked in excess of 40 hours per week. This includes not only their time spent driving but the many other hours spent on inspections, waiting for direction from Swift, waiting for completion of pick up or delivery, refueling, and myriad other tasks required by Swift.

9. At all times during the liability period, Defendant failed to pay Plaintiff and Class members for all hours worked. Defendant failed to track Plaintiff and Class members' hours beyond the hours tracked by the US Department of Transportation. While in route to a delivery, Plaintiff and Class members were required to be continuously on duty and, therefore, worked at least 16 hours, if not 24 hours, under 29 CFR § 785.22.

10. Swift has violated federal and state labor laws by failing to pay Plaintiff and other employee drivers the minimum wage for all hours worked.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

11. This Complaint may be brought and maintained as an "opt-in" collective action pursuant to Section 16 of the FLSA, 29 U.S.C. § 216(b), in that the claims of Plaintiff is similar to the claims of the collective class.

12. The collective class members are those current and former Swift drivers were employed by Defendant as drivers.

13. There are questions of law and fact arising in this action which are common to plaintiff and all Class Members.

   a) Whether Plaintiff and the Class are entitled to minimum wages under the FLSA;

   b) Whether Defendant's pay policies as to Plaintiff and all others similarly situated violate their rights to receive minimum wages.

   c) Whether Defendant's fail to pay Plaintiff and all others similarly situated minimum wage for all on duty, non driving time, under 29 CFR § 785.22.

14. Plaintiff's claims are typical of the claims of the class in that all the misclassified drivers were treated similarly. Plaintiff will fairly and adequately represent the interest of the members of the class. Plaintiff has retained counsel who are competent and experienced in class action and complex litigation. Plaintiff has no interest which is adverse to, or in conflict with, other members of the class.

15. The common questions of law and fact arising in this action predominate over any questions solely affecting individual Class Members. Without limiting the generality of the foregoing, the factual and legal issues concerning the scope and effects of Defendant's conduct alleged herein are:

   a) Central to Plaintiff's claims;

   b) Substantially identical with respects to each Class Members' burden of demonstrating liability; and

   c) The most important and fundamental issues to be determined at trial.

16. The collective and/or class action mechanism is superior to any alternatives that exist for the fair and efficient adjudication of this cause of action. Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort and judicial resources. A class

action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate. Numerous repetitive individual actions would also place an enormous burden on the courts as they are forced to take duplicative evidence and repetitively decide the same issues relating to the conduct of Defendant.

17. There are no unusual difficulties likely to be encountered in the management of the case as a class action. Class Members can be easily identified from the records of Defendant, which it is required by federal law to maintain, enabling Class Members to have their claims fairly adjudicated by the Court.

18. All potential 216(b) Class members are similarly situated because, among other things, they were employees of Defendant and, upon information and belief, all suffered from the same policies of Defendant, including:

   a. They were paid by the job without regard to the number of hours worked;
   b. They each suffered improperly made deductions from their paychecks; and
   c. Defendant failed to pay class members at least the statutory minimum wage for each hour of work as required by the FLSA.

19. Plaintiff brings this collective-action FLSA action on behalf of himself and on behalf of all others similarly situated, defined as follows:

> **Class:** All current and former drivers residing in the United States who were employed by Defendant at any time beginning three years prior to the filing of the Complaint through the date notice is mailed to the Class.

20. Plaintiff reserves the right to amend or otherwise alter the Class definition presented to the Court at the appropriate time, or to propose sub-classes, in response to information learned through discovery, legal arguments advanced by Defendant, or otherwise.

**COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT**

21. Plaintiff reasserts and re-alleges the allegations set forth above.

22. At all relevant times herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

23. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206(a); 29 U.S.C. § 207(a)(1).

24. Defendant is subject to the FLSA's minimum wage requirements because it is in interstate commerce and its employees are engaged in commerce.

25. Pursuant to Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees are entitled to be compensated at a rate of $7.25 per hour, effective July 24, 2009.

26. Defendant knew or should have known that its compensation policy and methodology failed to compensate the drivers at the federal minimum wage.

27. Defendant, pursuant to its policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated employees.

28. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated drivers.

29. Plaintiff and all similarly situated drivers are victims of a single, similarly applied employer-based compensation policy. In violation of the FLSA, that policy has been applied, and continues to be applied, to all drivers improperly misclassified as independent contractors by Defendant.

30. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus *actual* wages received, within three years from

the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard for, whether their conduct was unlawful.

31. Defendant have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages under 29 U.S.C. § 216(b) in an amount equal to the amount of their unpaid minimum wages. Alternatively, should the Court find Defendant did not act willfully in failing to pay minimum wage, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

32. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been lawfully withheld by Defendant from Plaintiff and all similarly situated employees. Accordingly, Defendant is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

**WHEREFORE,** Plaintiff, on behalf of himself and all similarly situated drivers, prays for relief as follows:

(a) Allow other similarly situated Swift drivers to receive notice and opportunity to opt-in to this case pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act;

(b) Declare and find that Swift violated FLSA, 29 U.S.C. § 201, et seq. by failing to pay Plaintiff and other similarly situated drivers the federal minimum wage.

(c) An award of damages in the amount of unpaid minimum wages.

(d) Liquidated damages.

(e) Attorneys' fees and costs as allowed by Section 16(b) of the FLSA.

1    (f) Pre-judgment and post-judgment interest as provided by law.

2    (g) Injunctive relief in the form of an order directing Defendant to comply with the FLSA.

4    (h) Such other relief as the Court deems fair and equitable.

DATED:  April 25, 2019          **HAFFNER LAW PC**

                         By:    /s/ Joshua H. Haffner
                                 Joshua H. Haffner, WSBA #53292
                                 445 South Figueroa Street, Suite 2625
                                 Los Angeles, California 90071
                                 Telephone: (213) 514-5681
                                 Facsimile: (213) 514-5682
                                 Email:  jhh@haffnerlawyers.com

# DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

DATED:  April 25, 2019              **HAFFNER LAW PC**

                                      By:   /s/ Joshua H. Haffner
                                                 Joshua H. Haffner, WSBA #53292
                                                 445 South Figueroa Street, Suite 2625
                                                 Los Angeles, California 90071
                                                 Telephone: (213) 514-5681
                                                 Facsimile: (213) 514-5682
                                                 Email:  jhh@haffnerlawyers.com

**FLSA COMPLAINT**

# EXHIBIT 1

# CONSENT TO BECOME A PARTY PLAINTIFF

## Fair Labor Standards Act of 1938, 29 U.S.C. 216(b)

I hereby consent to be a party plaintiff in the lawsuit *Little/Woek v. Swift Transportation Co. of Arizona, LLC* against Swift Transportation Co. of Arizona, LLC, and any other individuals or entities who may be liable to me for violations of the Fair Labor Stands Act, 29 U.S.C. §§ 201-219 and any other applicable federal and state laws.

Name: Robert D. Woeck Jr

Address: P.O. Box 3923

City: Sequim    State: Washington    Zip:

Signature: *RD Woeck Jr*